1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

| | |
|---|---|
| 3  DAVON LYONS, | Case No.: 2:19-cv-00966-APG-NJK |
| 4             Petitioner, | **ORDER** |
|    v. | |
| 5  WARDEN BRIAN WILLIAMS, et al., | |
| 6             Respondents. | |

Petitioner Davon Lyons has filed application to proceed *in forma pauperis* (ECF No. 1) and a motion for appointment of counsel (ECF No. 2). I consider those papers and also conduct an initial review.

*Background*

Lyons seeks to challenge his 2015 Nevada state conviction in Case No. C-13-289278. He pleaded guilty to first-degree kidnapping, two counts of conspiracy to commit robbery, robbery with the use of a deadly weapon, conspiracy to commit kidnapping, robbery with the use of a deadly weapon of a victim 60 years of age or older, burglary, and possession of a stolen vehicle. He is sentenced in the aggregate to 19 to 60 years.[1]

The Nevada Court of Appeals entered an order of affirmance on direct appeal on August 25, 2015 in Case No. 67444. The time to seek *certiorari* review in the United States Supreme Court expired 90 days later on Monday, November 23, 2015.

---

[1] In addition to the materials on file, I take judicial notice of the online docket records of the state district court and state appellate courts. *See*, *e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online records may be accessed from:
   https://nvcourts.gov/Supreme/
   https://www.clarkcountycourts.us/Anonymous/default.aspx

An amended judgment of conviction apparently was filed in the state district court on July 18, 2016. The time to file any direct appeal vis-à-vis the amended judgment expired on or about August 17, 2016.

On September 19, 2016, Lyons filed a timely state postconviction petition in the state district court. Proceedings were pending on that petition through the August 13, 2018 issuance of the remittitur in the postconviction appeal in No. 72899 in the state appellate courts.

It further appears that Lyons may have filed another state petition on April 26, 2019 that is pending at this time as Case No. A-19-793989 in the state district court.

Lyons dispatched the federal petition to the Clerk of this Court on or about June 3, 2019.

## *Pauper Application*

Based on the financial materials presented, Lyons can pay the $5.00 filing fee within a reasonable time. The pauper application therefore will be denied. The application otherwise establishes Lyons's financial eligibility for the appointment of counsel under 18 U.S.C. § 3006(A). Although I am provisionally appointing counsel, Lyons still must timely pay the filing fee or this action will be dismissed without further advance notice.

## *Counsel Motion*

The appointment of counsel is in the interests of justice given: (a) the number of offenses of which Lyons was convicted; (b) the length of the aggregate sentence; (c) the number and complexity of the potential procedural and merits issues presented, including issues occasioned by possible reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012); (d) the potential complexity of legal issues regarding the base calculation of the federal limitation period following upon the apparent

filing of an amended judgment of conviction in the state district court;[2] and (e) the prospect that at least some time may remain in the federal limitation period under at least one potential calculation of the limitation period, for federal habeas counsel to assert claims without reliance upon relation back for timeliness, pursuant to the two-step pleading procedure authorized in, for example, *McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (approving and explaining the court's rationale in allowing a bifurcated amendment procedure).

The motion for appointment of counsel therefore will be provisionally granted, subject to Lyons's satisfaction of the filing-fee requirement.

IT IS THEREFORE ORDERED that the petitioner's application to proceed *in forma pauperis* **(ECF No. 1) is DENIED**. The petitioner shall have **30 days** from entry of this order within which to have the filing fee of $5.00 sent to the Clerk of Court. Failure to timely comply with this order will result in the dismissal of this action without further advance notice. As directed at the end of this order, the Clerk of Court will send the petitioner in proper person two

---

[2] *See, e.g., Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017) (amended judgment of conviction restarted federal limitation period anew); *see also Davis v. Neven*, 2019 WL 1446947, at *2, No. 2:15-cv-01574-RFB-NJK, ECF No. 75, at 3 (D. Nev., March 31, 2019) (timely state postconviction proceedings initiated prior to the filing of an amended judgment of conviction statutorily tolled the federal limitation period also as to any renewed limitation period running from the amended judgment of conviction). I note that Judge Boulware's analysis in *Davis* arguably would apply with even greater force in this case, where an amended judgment of conviction apparently was filed prior to the timely state petition. *See also Posey v. Neven*, 2019 WL 1284094, at *1-*5, No. 2:15-cv-01482-RFB-GWF, ECF No. 34, at 2-7 (D. Nev., March 20, 2019) (concluding that the period of direct review as to an amended judgment of conviction extended to the conclusion of a direct appeal from the original judgment that still was pending at the time of the amended judgment); *id.*, at *3 n.4, ECF No. 34, at 5 n.4 (questioning whether the involved state law analysis applied in recent Ninth Circuit authority to determine the effect of an amended or corrected judgment was compelled by prior Supreme Court and Ninth Circuit precedent regarding the impact of an amended or corrected judgment on the federal limitation period analysis). An interlocutory appeal possibly could be warranted herein.

copies of this order. The petitioner, whether he arranges the payment himself or through counsel, shall make the necessary arrangements to have a copy of this order attached to the check or other appropriate financial instrument paying the filing fee.[3]

IT IS FURTHER ORDERED that the Clerk shall file the petition.[4]

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **(ECF No. 2) is provisionally GRANTED** as set forth herein. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to the petitioner paying the filing fee within 30 days of entry of this order.

IT IS FURTHER ORDERED that the Clerk will electronically serve this order upon the Federal Public Defender, that the Federal Public Defender is provisionally appointed as counsel, and that his office shall have **30 days** to either undertake direct representation of the petitioner or indicate to the court the office's inability to represent the petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, alternate counsel will be appointed.

IT IS FURTHER ORDERED that if the Federal Public Defender undertakes representation of petitioner, counsel then will have **60 days** from the filing of the notice of appearance within which to file a counseled amended petition or seek other relief, subject to the petitioner seeking to invoke a bifurcated amendment procedure. Any deadline established or any extension thereof will not signify any implied finding of a basis for tolling during the time period

---

[3] It may be more practical for Lyons to make arrangements for the payment of the filing fee himself directly from within the prison. That is, he may be able to do so more easily and more quickly than counsel would be able to do from outside. In all events, this order directs only the time within which the payment must be made by an appropriate financial instrument, not the manner in which it is done.

[4] The filing of the petition does not signify that the pleading is free of deficiencies.

4

established. The petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition or by granting any extension thereof, I make no finding that the petition, any amendments, or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add Nevada Attorney General Aaron Ford as counsel for the respondents and will make informal electronic service of this order upon the respondents by directing a notice of electronic filing to him. The respondents' counsel shall enter a notice of appearance within **21 days** of entry of this order, but no further response is required from them until further order.

IT IS FURTHER ORDERED, for this particular case, that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or the staff attorney, unless later directed by the court.

The Clerk will provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

Finally, the Clerk will provide the petitioner in proper person: (a) two copies of this order: and (b) one copy of the papers that he filed.

Dated: June 11, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE