UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Davon Lyons,<br><br>     Petitioner.<br><br>v.<br><br>Warden Brian Williams, et al.,<br><br>     Respondents. | Case No.: 2:19-cv-00966-APG-NJK<br><br>**Order Directing Response to Second Amended Petition** |

     Petitioner Davon Lyons has filed a second amended petition for writ of habeas corpus. ECF No. 22. The respondents will need to respond to it.

     I THEREFORE ORDER the respondents to file a response to the second amended petition (ECF No. 22), including potentially by motion to dismiss, **by August 10, 2020**. Lyons may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

     I FURTHER ORDER that any procedural defenses raised by the respondents to the second amended petition must be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents must not file a response that consolidates their procedural defenses with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the

standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED this 9th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE