# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVON LYONS,

     Petitioner,

v.

WARDEN BRIAN WILLIAMS, et al.,

     Respondents.

Case No.: 2:19-cv-00966-APG-NJK

**Order Denying Motion to Dismiss**

[ECF No. 37]

This is a habeas corpus action under 28 U.S.C. § 2254. The respondents have filed a motion to dismiss.[1] I find that the action is timely and that petitioner Davon Lyons has exhausted his state-court remedies for all his claims. I thus deny the motion to dismiss.

**I.      Procedural History**

     **A.      Proceedings Relevant to the Judgment of Conviction**

Lyons was charged with 31 crimes arising out of three separate robberies in February and March 2013: one count of burglary, three counts of burglary while in possession of a deadly weapon, two counts of coercion, three counts of conspiracy to commit burglary, one count of conspiracy to commit coercion, three counts of conspiracy to commit first-degree kidnapping, three counts of conspiracy to commit robbery, two counts of first-degree kidnapping with the use of a deadly weapon, three counts of first-degree kidnapping (victim 60 years of age or older), one count of possession of controlled substance with the intent to sell, two counts of possession of stolen property, two counts of possession of stolen property (firearm), two counts of robbery with the use of a deadly weapon, and three counts of robbery with the use of a deadly weapon

---

[1] ECF No. 37.

(victim 60 years of age or older).[2]  Lyons agreed to plead guilty to the following counts:

(1) First-degree kidnapping, (2) conspiracy to commit robbery, (3) robbery with the use of a deadly weapon, (4) conspiracy to commit kidnapping, (5) robbery with the use of a deadly weapon, (6) conspiracy to commit robbery, (7) burglary, and (8) possession of stolen property.[3]  The parties jointly recommended a sentence for first-degree kidnapping of 15 years imprisonment, with parole eligibility starting after a minimum of five years.[4]  The plea agreement also grouped the offenses.  The prosecution did not oppose having the sentences for counts 1 and 2 running concurrently, counts 3 and 4 running concurrently, and counts 5 and 6 running concurrently, but the prosecution retained the right to ask for those three groups to run consecutively.[5]  The prosecution also did not oppose having the sentences for counts 7 and 8 run concurrently with all other counts.[6]

On July 1, 2014, Nevada state laws regarding aggregation of consecutive sentences came into effect.  "For offenses committed on or after July 1, 2014, if the court imposes the sentences to run consecutively, the court must pronounce the minimum and maximum aggregate terms of imprisonment. . . ."[7]  "If all the sentences impose a minimum and maximum term of imprisonment, the court must aggregate the minimum terms of imprisonment to determine the minimum aggregate term of imprisonment and must aggregate the maximum terms of

---

[2] Ex. 5 (ECF No. 39-1).

[3] Ex. 34 at 1 (ECF No. 40-17 at 2).

[4] Ex. 34 at 2 (ECF No. 40-17 at 3).

[5] *Id.*

[6] *Id.*

[7] Nev. Rev. Stat. § 176.035(1).

imprisonment to determine the maximum aggregate term of imprisonment."[8]  A prisoner whose consecutive sentences were not aggregated may make a one-time irrevocable election to aggregate those consecutive sentences.[9]  However, if the prisoner has been considered for parole on one or more of the consecutive sentences, those sentences may not be included in the aggregation.[10]

On February 13, 2015, the state district court entered a judgment of conviction that followed the guidance of the guilty plea agreement.  The sentences were: (1) 5 to 15 years, (2) 2 to 5 years, concurrent with count 1, (3) 5 to 15 years, plus a consecutive 2 to 5 years for use of a deadly weapon, consecutive to count 1, (4) 2 to 5 years, concurrent with count 3, (5) 5 to 15 years, plus a consecutive 2 to 10 years for use of a deadly weapon, consecutive to count 4, (6) 2 to 5 years, concurrent with count 5, (7) 3 to 9 years, concurrent with count 6, and (8) 3 to 9 years, concurrent with count 7.[11]  The court gave Lyons credit for 685 days' time served[12] and pronounced an aggregate sentence of a maximum of 60 years and a minimum of 19 years.[13]

On July 18, 2016, the court entered an amended judgment of conviction which omitted the aggregate sentence.[14]  With the sentences no longer aggregated, Lyons went before the parole board for his kidnapping sentence on December 6, 2017, April 5, 2018, and December 31, 2018.

---

[8] Nev. Rev. Stat. § 176.035(2)(b).

[9] Nev. Rev. Stat. § 213.1212(5) (formerly § 213.1212(3)).

[10] Nev. Rev. Stat. § 213.1212(5)(b).

[11] Ex. 38 at 2-3 (ECF No. 41-1 at 3-4).

[12] Ex. 38 at 3 (ECF No. 41-1 at 4).

[13] *Id*.  At the sentencing hearing on February 2, 2015, the judge erroneously stated that the aggregate maximum term was 65 years. Ex. 37 at 28-29 (ECF No. 40-20 at 29-30).  The error was corrected in the judgment of conviction.

[14] Ex. 61 (ECF No. 41-24).

1   The parole board took no action in the first meeting, but in the next two meetings it denied Lyons

2   parole to his next sentence for at least two years.[15]  Around that time, Lyons made an election to

3   aggregate his sentences under Nev. Rev. Stat. § 213.1212.  The sentence for kidnapping was not

4   included in the aggregation because Lyons already had been considered for parole on that

5   sentence.[16]  Practically, Lyons would need to spend at least 21 years in prison, not 19, before

6   being considered for parole and release from prison.[17]

7          On October 10, 2019, Lyons filed a proper-person motion to amend or modify the

8   judgment of conviction.[18]  He asked the state district court for relief from the minimum

9   sentences that he was serving.  The court denied the motion, stating that the pronouncement of

10   the aggregate sentence was erroneous because Lyons had committed his crimes before July 1,

11   2014, and § 176.035 requires aggregate sentencing only for crimes committed on or after July 1,

12   2014.[19]

13          Around this time, Lyons commenced the current federal habeas corpus proceedings in

14   this court.  I appointed the Federal Public Defender to represent him.  Lyons' counsel filed in

15   state court a motion to correct an illegal sentence and a post-conviction petition challenging the

16   computation of time.[20]  In the motion to correct an illegal sentence, Lyons argued that the state

17   district court did not have jurisdiction to amend the conviction, that Lyons did not receive notice

18   or an opportunity to be heard before the amendment, and that he was serving an effectively

19

20   [15] Ex. 96 at 3-4 (ECF No. 43-22 at 4-5).

21   [16] Ex. 96 at 4-5 (ECF No. 43-22 at 5-6).

     [17] *Id*.

22   [18] Ex. 94 (ECF No. 43-20).

23   [19] Ex. 95 (ECF No. 43-21).

     [20] Ex. 96, 98 (ECF No. 43-22, ECF No. 43-24).

longer sentence than what the state district court had originally imposed.[21]  The Clark County District Attorney opposed the motion to correct an illegal sentence, arguing that the version of Nev. Rev. Stat. § 176.035 in effect at the time of the offenses, without aggregate sentencing, controlled.[22]  The state district court granted Lyons' motion, rescinded the amended judgment of conviction, and reinstated the original judgment of conviction with the aggregate sentence.[23] Having received relief through the motion to correct an illegal sentence, Lyons dropped his post-conviction petition challenging the computation of time.  The Nevada Department of Corrections, represented by the Nevada Attorney General, then moved to intervene.[24]  The state district court denied that motion.[25]

### B.    Other Proceedings

Lyons appealed the judgment of conviction.[26]  The Supreme Court of Nevada transferred the case to the Nevada Court of Appeals,[27] which affirmed the judgment of conviction.[28]

Lyons then filed a post-conviction habeas corpus petition in the state district court.[29] That court held an evidentiary hearing and denied the petition.[30,31]  Lyons appealed.[32]  The

---

[21] Ex. 96 at 6-11 (ECF No. 43-22 at 7-12).

[22] Ex. 103 (ECF No. 43-29).

[23] Ex. 105 (ECF No. 43-31).

[24] Ex. 106 (ECF No. 43-32).

[25] Ex. 113 (ECF No. 44-7).

[26] Ex. 39 (ECF No. 41-2).

[27] Ex. 54 (ECF No. 41-17).

[28] Ex. 55 (ECF No. 41-18).

[29] Ex. 63 (ECF No. 41-26).

[30] Ex. 69 (ECF No. 42-4).

[31] Ex. 71 (ECF No. 42-6).

[32] Ex. 74 (ECF No. 42-9).

1  Supreme Court of Nevada transferred the case to the Nevada Court of Appeals,[33] which affirmed

2  the denial of the petition.[34]

3        Lyons dispatched his initial federal habeas corpus petition to this court on June 3, 2019.[35]

4  After appointment of counsel, Lyons filed a first amended petition on June 11, 2019.[36]  He filed

5  a second amended petition on June 8, 2020.[37]

6  **II.    Legal Standards**

7        **A.    Timeliness**

8        Lyons had one year from the date his judgment of conviction became final to file a

9  federal habeas corpus petition under 28 U.S.C. § 2254.[38]  Any time during which a properly filed

10  state-court petition for post conviction or other collateral review was pending does not count

11  toward that one-year period.[39]  An amended judgment of conviction that affects the sentence is a

12  new judgment of conviction for the purposes of 28 U.S.C. § 2244(d)(1)(A), resetting the

13  limitation clock.[40]  An amended judgment of conviction that corrects a scrivener's error but does

14  not affect the sentence is not a new judgment and does not affect the period of limitations.[41]

15

16

17

---

18  [33] Ex. 87 (ECF No. 43-13).

19  [34] Ex. 88 (ECF No. 43-14).

  [35] ECF No. 5.

20  [36] ECF No. 6.

21  [37] ECF No. 22.

  [38] 28 U.S.C. § 2244(d)(1)(A).

22  [39] 28 U.S.C. § 2244(d)(2).

23  [40] *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017).

  [41] *Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017).

**B.     Cognizable Claims After Entry of a Guilty Plea**

A person who has pleaded guilty may not challenge his conviction on the basis of constitutional violations that occurred before entry of the plea.  He may challenge only the voluntary and intelligent character of the plea by showing that he received bad advice from counsel that amounted to ineffective assistance.[42]

**C.     Exhaustion**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.[43]  To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.[44]

**III.     Discussion**

**A.     This Action Is Timely**

The respondents argue that the action is untimely because Lyons commenced this action more than one-year after his original judgment of conviction became final.  Lyons argues that the action is timely because the reinstatement of the original judgment of conviction on April 2, 2020 reset the limitation clock.  Lyons commenced this action in 2019, before reinstatement of the original judgment of conviction.  Lyons filed his operative second amended petition on June 8, 2020, 67 days after reinstatement of the original judgment of conviction.[45]  The respondents counter that the amended judgment of conviction was an erroneous correction of a scrivener's

---

[42] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[43] 28 U.S.C. § 2254(b).

[44] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[45] ECF No. 22.

1   error and that the reinstatement of the original judgment corrected that error in the amended

2   judgment.  I disagree.

3          The Ninth Circuit gave an example of a scrivener's error in *Gonzalez*:

4          A scrivener's error occurs when there is a discrepancy between the court's oral
           pronouncement of the judgment and the written record of that judgment in the minute
5          order or in the abstract of judgment.  For example, a scrivener's error occurs if the oral
           pronouncement of judgment is "5 years" but the clerk writes "50 years" in the written
6          document reflecting that judgment.[46]

7   Something similar happened in Lyons' criminal case when the judge orally stated that the

8   maximum aggregate term was 65 years, which was 5 years too long, but the written judgment

9   stated that the maximum aggregate term was 60 years.  If, by example, the judge had said "60

10  years" and the judgment stated "65 years," then I would have no problem concluding that an

11  amended judgment of conviction that only corrected that error was not a new judgment for the

12  purposes of § 2244(d)(1).

13         The respondents cite, among other cases, an earlier decision of mine that involved an

14  amended judgment and an aggregation of sentences.[47]  There, Anguiano received two

15  consecutive sentences of 8-to-20 years for crimes that she committed after July 1, 2014, but the

16  state district court did not include an aggregate sentence in the judgment of conviction.  The state

17  court later entered an amended judgment that included an aggregate sentence of 16-to-40 years.

18  Anguiano filed a federal habeas corpus petition, and the timeliness of that petition depended

19  upon whether the amended judgment of conviction was a new judgment that reset the limitation

20  clock.  I determined that it was not a new judgment.  Under Nevada law, the sentences for the

21

22

---

23  [46] *Gonzalez*, 873 F.3d at 772.

    [47] *Anguiano v. Neven*, 2020 WL 1076113 (D. Nev. Mar. 6, 2020), *cited in* ECF No. 54 at 4.

1   offenses never changed.[48]  The amended judgment of conviction just added those two sentences

2   together; it did not affect Anguiano's sentences.

3          Something quite different happened to Lyons.  The original judgment of conviction

4   aggregated the sentences, with a minimum of 19 years and a maximum of 60 years.  The

5   amended judgment of conviction did not include the aggregate sentence.  Then, and most

6   important, the parole board denied Lyons parole from his first consecutive sentence to his next

7   consecutive sentence for two years.  At that point, Lyons would spend 21 years, not 19 years, in

8   prison before becoming eligible for parole that released him from prison.  Moreover, even

9   though Lyons aggregated his other consecutive sentences, under state law that first consecutive

10  sentence could not be included in the aggregation.  It was possible that the parole board could

11  deny parole more times, thus making Lyons spend even longer in prison before becoming

12  eligible for parole that released him from prison.

13         If Lyons did nothing to try to reinstate the original judgment, or if his efforts failed, then I

14  would easily determine that the amended judgment of conviction was a new judgment of

15  conviction for the purposes of § 2244(d)(1) because it affected his sentence.  At that point, this

16  action becomes timely; by my calculations 325 non-tolled days passed between the finality of the

17  amended judgment of conviction, from which Lyons did not appeal, on August 17, 2016, and the

18  dispatching of the federal petition to this court on June 3, 2019.  I would then need to determine

19  whether the grounds in the second amended petition relate back to the initial petition.

20         However, the amendments of the judgment did not stop there.  Lyons succeeded, against

21  the respondents' oppositions, in convincing the state court to vacate the amended judgment and

22  reinstate the original judgment of conviction with the aggregate sentence.  Once again, the

23

---

[48] 2020 WL 1076113 at *2 (citing *Mason v. State*, 373 P.3d 116, 117 (Nev. 2016)).

amendment affected his sentence.  Even though the order granting the motion to correct an illegal sentence reinstated the original aggregate sentence, it amounted to a new judgment of conviction that affected Lyons' sentence.[49]

The parties fought over whether the law allowed the court to pronounce an aggregate sentence.  It does not matter in this court whether the ultimate decision of the state court was correct as a matter of state law.  What matters is that the parties were arguing over a substantive matter of law, with substantive effects upon Lyons' sentence.  Amending the judgment, either to remove or reinstate the aggregate sentence, thus was not a correction of a scrivener's error in Lyons' case.

**B.    Claims One(A) and (B) Are Cognizable**

The respondents argue that Claims One(A) and One(B) are claims of pre-plea constitutional violations that are barred by Lyons' guilty plea.[50]  In Claim One(A), Lyons argues that trial counsel provided ineffective assistance because trial counsel did not move before trial to dismiss the five counts of first-degree kidnapping as being subsumed by the five counts of robbery.[51]  Each count of first-degree kidnapping carried a potential sentence of life imprisonment.[52]  Lyons argues that if those charges and their potential life sentences were dismissed, that would have been a major consideration in his decision to plead guilty.[53]  In Claim One(B), Lyons argues that trial counsel provided ineffective assistance by not asking for a continuance of the trial at the final counter call.  Lyons argues that he was not ready for trial, that

---

[49] *Smith*, 871 F.3d at 688.

[50] *See Henderson*, 411 U.S. at 267.

[51] ECF No. 22 at 8-9.

[52] Nev. Rev. Stat. § 200.320(2).

[53] ECF No. 22 at 10.

1  he felt rushed, scared, and surprised, and thus he decided to plead guilty.[54]  I agree with Lyons

2  that these are claims of ineffective assistance of counsel that affected his decision to plead guilty.

3  *Henderson* does not bar these claims.[55]

4       **C.**    **All Claims Are Exhausted**

5       The respondents argue that Lyons has not exhausted his state-court remedies for Claims

6  One(A) through (E), Three, and Four.  Each argument is the same: that Lyons alleges facts in the

7  second amended petition that he did not allege in his opening brief on post-conviction appeal.[56]

8  I have compared the issues that Lyons raised in his post-conviction appeal with the claims that he

9  has raised in his Second Amended Petition.  In all the claims respondents challenge, any

10  additional facts that Lyons raises in the second amended petition do not fundamentally alter the

11  claims from what he raised in his brief on post-conviction appeal.[57]  Lyons has exhausted claims

12  One, Three, and Four.

13  **IV.**    **Conclusion**

14       I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 37) is**

15  **DENIED**.

16  / / / /

17  / / / /

18  / / / /

19  / / / /

20  / / / /

21

22  [54] ECF No. 22 at 11-12.

   [55] *See Mahrt v. Beard*, 849 F.3d 1164, 1169-71 (9th Cir. 2017).

23  [56] *See* ECF No. 22, Ex. 83 (ECF No. 43-9).

   [57] *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

I FURTHER ORDER that the respondents will until December 1, 2021 to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Lyons will have 30 days from the date on which the answer is served to file a reply.

DATED this 23rd day of September, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

12